Casey, Ch. J.,
delivered the opinion of the court:
In 1851, William W. Gallaer was United States collector of customs at the port of Benicia, California. Early in that year Charles Watrous purchased a lot in Benicia and built a house thereou, which was completed in May, 1851, and was leased to the collector as a custom-house. It was occupied as such for about two years and two months after the 1st of May, 1851. On the 27th January, A. D. 1853, a new lease for the premises was entered into between the attorney-in-fact of Watrous and the Secretary of the Treasury, for the term of five years, commencing on the first day of March, 1853, at the yearly rental of $6,000 for the first two years, and for the balance of the term such sum as should be designated by referees to be chosen by the respective parties; but which in no event was to exceed the sum of $6,000 per annum.
This lease ivas entered into by Mr. Corwin, Secretary of the Treasury, on the written recommendation of William W. Gal-laer, the collector of customs at this port. Before the building* ivas erected, viz: on the 17th of March, 1851, Watrous had conveyed one undivided half interest in the lot and premises to Mr. Gallaer, the collector, and he became thus a joint owner of the premises with Watrous, and so continued until they, by their joint deed, conveyed the premises to Thomas O. Larkin, the claimant, on the first of June, 1853, for the sum of $8,000.
The deed from Watrous to Gallaer for one undivided half of the premises was duly recorded on the fourth day of February, A. D. 1852.
The building, both in its location and construction, was unsuited to the purposes for which it was leased, and the rent stipulated to be paid by the United States was unreasonable and extravagant. A new administration came into power on the 4th of March, 1853. A new Secretary of the Treasury was appointed, and a new collector for the port of Benicia. Upon the report and recommendation of the latter, the Secretary of the Treasury gave notice of the annulment of the lease, and directed the premises to be vacated and surrendered to the owners, and this was done. Mr. Larkin brings this suit to recover damages for the non-payment of the rent by the United States.
The United States defends on several grounds, but mainly *531 that tbe lease was procured by misrepresentation and fraud, and that the United States is not bound by it.
The evidence clearly establishes these facts:
1st. That Gallaer, the collector, was a joint owner of the premises with Watrous, and as such received the benefit of the jirevious leases made by himself.
2d. That the premises were unsuited to the purposes for which they were leased to the United States.
3d. That the lease in question was entered into by the Secretary of the Treasury on the representations made by Gallaer, as collector of the port, without disclosing his interest in the premises.
4th. That these facts were matters of observation and record, and as such the claimant had notice of them at the time of his purchase.
And upon the finding of these facts, we hold that Mr. Guthrie, the Secretary of the Treasury, was justified in annulling the lease, and in surrendering the premises, and that the claimant has no just ground to recover any damages therefor against the United States. And the petition is therefore dismissed.
Peck and Milligan, J. J., concur.
Nott, J., took no part in the decision.